IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOSE ESTEBAN RODRIGUEZ GUZMAN, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-00853-KOB-JHE |
| | ) |
| ERIC H. HOLDER, JR., et al., | ) |
| | ) |
|    Respondents. | ) |

**MEMORANDUM OPINION**

On May 7, 2014, Petitioner Jose Esteban Rodriguez Guzman, a native of Guatemala, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Petitioner was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement. Petitioner alleged that he was being illegally detained by ICE pending his deportation to Guatemala. On November 25, 2014, ICE released Petitioner from custody. (Docs. 7 & 7-1). Respondents have filed a motion to dismiss the action as moot because Petitioner is no longer in ICE custody. (Doc. 7). For the reasons stated below, the court finds that Respondents' motion is du to be granted and the action DISMISSED AS MOOT.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Petitioner's release from ICE

custody rendered his petition moot.

The relief Petitioner sought was to be released from ICE custody.  Because Petitioner is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies.  Two exceptions to the mootness doctrine include (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S. Ct. 1556, 1559 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183-84 (1982).  Neither exception applies here.

The collateral consequences exception does not apply because Petitioner has shown no "disabilities or burdens which may flow" from the custody that Petitioner challenges.  *See Carafas*, 391 U.S. at 237, 88 S. Ct. at 1559.  The exception for events "capable of repetition, yet evading review" also does not apply.  ICE has released Petitioner from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.  *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 348-49 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.).  Because no relief remains that the court can grant to Petitioner, his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, (doc. 7), is due to be GRANTED.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 26th day of February, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE